**1:22-cr-00539-1**

**FILED**
10/20/2022
JMK
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

# United States District Court
## Eastern District of Wisconsin (Milwaukee)
### CRIMINAL DOCKET FOR CASE #: 2:06−cr−00086−JPS−3

Case title: USA v. Brown et al

Date Filed: 04/18/2006

Date Terminated: 12/08/2006

Assigned to: Judge J P Stadtmueller

**Defendant (3)**

| | |
|---|---|
| **Michael T Green**<br>*TERMINATED: 12/08/2006* | represented by **Matt J Ricci**<br>Law Office of Matt J Ricci<br>316 N Milwaukee St − Ste 550<br>Milwaukee, WI 53202<br>414−271−5128<br>Fax: 414−751−5183<br>Email: Mrmaloyd@aol.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>Designation: CJA Appointment |

| **Pending Counts** | **Disposition** |
|---|---|
| 18:2113(a)(d)and 2 BANK ROBBERY BY FORCE OR VIOLENCE<br>(1) | 18 months Imprisonment; 5 years Supervised Release; $1,000.00 Fine; $100.00 Special Assessment |
| 18:9249(c)(1)(A)(ii) and 2 PENALTIES FOR FIREARMS<br>(2) | 84 months Imprisonment (mandatory minimum); 5 years Supervised Release; $100.00 Special Assessment |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| None | |

**Plaintiff**

**USA**                                    represented by   **Kelly Brown Watzka**
United States Department of Justice
(ED–WI)
Office of the US Attorney
517 E Wisconsin Ave – Rm 530
Milwaukee, WI 53202
414–297–1700
Fax: 414–297–1738
Email: Kelly.Watzka@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 04/18/2006 | 1 | 6 | INDICTMENT as to Gerald Brown (1) count(s) 1, 2, Kenneth L Johnson (2) count(s) 1, 2, Michael T Green (3) count(s) 1, 2. (jc) Additional attachment(s) added on 4/20/2006 (jc, ) (Entered: 04/20/2006) |
| 04/18/2006 | | | *** Arrest Warrant Issued in case as to Michael T Green. (jc) (Entered: 04/20/2006) |
| 04/19/2006 | 4 | | Detainer Lodged as to Michael T Green (jc) (Entered: 04/20/2006) |
| 04/21/2006 | 5 | | Minute Entry for proceedings held before Judge Patricia J Gorence : Arraignment as to Gerald Brown (1) Count 1,2 N/G plea entered and Kenneth L Johnson (2) Count 1,2 N/G plea entered and Michael T Green (3) Count 1,2 held on 4/21/2006 Deft. enter N/G plea. FDS, Nancy Joseph appeared for all deft's. today. Trial Est: 3 days. Speedy Trial Date 7/20/06. Referred to Magistrate Judge Aaron E Goodstein. Defendant advised of rights, charges, penalties and fines. Court orders GJ materials disclosed no later than 1 business day prior to trial. Motions due by 5/11/2006. Responses due by 5/22/2006 Replies due by 5/26/2006. Voir Dire deadline due by 7/13/2006. Govt. moves for detention of all defendants. Atty. Joseph seeks continuance of detention hrg. so counsel can be appointed fo rdeft. No objection by det's to temp. detention at this time. Detention Hearing set for 4/25/2006 01:30 PM in Courtroom 282 before Magistrate Judge Patricia J Gorence as to all defts. Jury Trial set for 7/17/2006 09:00 AM in Courtroom 320 before Chief Judge Rudolph T Randa. (Tape #3:08:44–3:19:19) (kaf, ) (Entered: 04/24/2006) |
| 04/21/2006 | | | ORAL MOTION to Detain by USA as to Gerald Brown, ~~Kenneth L Johnson, Michael T Green.~~(kaf, ). Modified on 5/5/2006 (kaf, ). (Entered: 04/24/2006) |
| 04/21/2006 | 6 | | PRETRIAL ORDER as to Gerald Brown, Kenneth L Johnson, Michael T Green Motions due: 5/11/06 Response due: 5/22/06 Reply due: 5/26/06 Signed by Judge Aaron E Goodstein on 4/21/06. (cc: all counsel) (kaf, ) (Entered: 04/24/2006) |
| 04/21/2006 | 9 | | ORDER of Temporary Detention Pending Hearing Pursuant to Bail Reform Act as to Michael T Green Signed by Judge Patricia J Gorence on 4/21/06. (cc: all counsel) (kaf, ) (Entered: 04/24/2006) |

| 04/21/2006 | | | ORAL MOTION to Detain by USA as toMichael T Green.(kaf, ) (Entered: 05/05/2006) |
|---|---|---|---|
| 04/25/2006 | 12 | | Arrest Warrant Returned Executed on 04/21/06 in case as to Michael T Green. (jc) (Entered: 04/26/2006) |
| 04/25/2006 | 14 | | Minute Entry (PJG) Detention Hearing as to Gerald BROWN and Michael T GREEN held on 4/25/2006. As to deft. BROWN, govt. moves for detention. Deft. seeks $5,000 cash bond, be placed on EM and reside w/aunt. Crt. statements before ruling. Crt. w/enter an order of detention as to deft. BROWN. As to deft. GREEN, govt. moves for detention. Deft. seeks $10,000 cash bond and to reside w/Sabrina Harris on EM. Crt. statements before ruling. Crt. w/enter an order of detention. for deft. GREEN. (Tape #1:37:54–2:10:57) (kmf, ) (Entered: 05/01/2006) |
| 05/02/2006 | 15 | | CJA 20 as to Michael T Green: Appointment of Attorney Matt J Ricci for Michael T Green. Signed by Judge Patricia J Gorence on 4/26/06 nunc pro tunc 4/24/06. (cc: all counsel, Financial, PTS &Marshal) (kaf, ) |
| 05/04/2006 | 19 | | ORDER OF DETENTION PENDING TRIAL signed by Judge Patricia J Gorence on 5/4/06 nunc pro tunc 4/25/06 granting [] Oral Motion to detain as to Michael T Green (3). (cc: all counsel, PTS & MARSHAL) (kaf, ) (Entered: 05/05/2006) |
| 05/12/2006 | | | Case as to Gerald Brown, Kenneth L Johnson, Michael T Green no longer referred to Hon. Aaron E Goodstein. Files Transmitted to Hon. Rudolph T. Randa. (cq) |
| 07/14/2006 | 28 | 11 | PLEA AGREEMENT as to Michael T Green (kaf, ) |
| 07/14/2006 | 29 | | Minute Entry for proceedings held before Judge Rudolph T Randa: Change of Plea Hearing as to Michael T Green held on 7/14/2006. Guilty Plea entered by Michael T Green (3) as to Counts 1 & 2 of the Indictment. Sentencing set for 12/8/2006 10:00 AM in Courtroom 320 before Chief Judge Rudolph T Randa. Defendant remanded to custody of US Marshal. (Court Reporter Heidi Trapp) (Zik, Linda) |
| 11/27/2006 | 30 | | SENTENCING MEMORANDUM by Michael T Green (Ricci, Matt) |
| 12/08/2006 | 31 | | Minute Entry for proceedings held before Judge Rudolph T Randa: Sentencing held on 12/8/2006 for Michael T Green (3) as to Counts 1 & 2 of the Indictment. Count 1 – 51 months Imprisonment; Count 2 – 84 months Imprisonment (mandatory minimum). Terms to run consecutively for a total term of 135 months Imprisonment. 5 years Supervised Release as to each count to run concurrently. $1,000.00 Fine – Interest waived. $200.00 Special Assessment. Conditions of Supervised Release imposed. SEE Judgment for additional details. Defendant remanded to custody of US Marshal. (Court Reporter Heidi Trapp) (Zik, Linda) |
| 12/08/2006 | 34 | | JUDGMENT as to Michael T Green (3), Count(s) 1, 51 months Imprisonment; 5 years Supervised Release; $1,000.00 Fine; $100.00 Special Assessment; Count(s) 2, 84 months Imprisonment (mandatory minimum); 5 years Supervised Release; $100.00 Special Assessment Conditions of Supervised Release/Probation imposed. SEE Judgment for additional details. Signed by Judge Rudolph T Randa on 12/8/06. (cc: all counsel, Probation, Marshal, BOP |

| | | | |
|---|---|---|---|
| | | | & Financial) (kaf) (Entered: 12/11/2006) |
| 12/18/2006 | 37 | | NOTICE of Lien for Fine and/or Restitution *in the amount of $1,200.00 filed in Cook County, IL* by USA as to Michael T Green (Watzka, Kelly) |
| 12/06/2007 | 41 | | MOTION to Reduce Sentence *pursuant to FRCP 35(b)* by USA as to Michael T Green.(Watzka, Kelly) |
| 01/17/2008 | 47 | | NOTICE OF HEARING as to Michael T Green. Rule 35(b) Re−Sentencing set for 3/4/2008 10:30 AM in Courtroom 320 before Chief Judge Rudolph T Randa. (cc: all counsel)(Zik, Linda) |
| 02/27/2008 | 52 | | SENTENCING MEMORANDUM by Michael T Green (Ricci, Matt) |
| 03/04/2008 | 55 | | Minute Entry for proceedings held before Chief Judge Rudolph T Randa: Rule 35(b) Re−Sentencing held on 3/4/2008 for Michael T Green (3) as to Counts 1 & 2 of the Indictment. Court Grants Government's Rule 35(b) motion. Count 1 − 18 months Imprisonment; Count 2 − 84 months Imprisonment (mandatory minimum). Terms to run consecutively for a total term of 102 months Imprisonment. 5 years Supervised Release; $1,000.00 Fine − Interest waived; $200.00 Special Assessment; Conditions of Supervised Release imposed. SEE Judgment for additional details. Defendant remanded to custody of US Marshal.(Court Reporter Heidi Trapp) (Zik, Linda) |
| 03/04/2008 | 56 | 27 | AMENDED JUDGMENT as to Michael T Green Signed by Chief Judge Rudolph T Randa on 3/4/08. Reduction of sentence 18 months as to count 1 and 84 months as to count 2 for a total term of 102 months imprisonment. (cc: all counsel) (cms) (Entered: 03/06/2008) |
| 12/13/2013 | 59 | | MOTION to Seal Document *Submission dated December 13, 2013* by USA as to Michael T Green. (Attachments: # 1 Text of Proposed Order)(Watzka, Kelly) |
| 12/13/2013 | 60 | | Document sealed. (mlm) |
| 12/13/2013 | 61 | | ORDER signed by Judge Rudolph T. Randa on 12/13/2013 GRANTING 59 Motion to Seal Document 60 . (cc: all counsel) (cb) (Entered: 12/16/2013) |
| 12/13/2013 | | | TEXT ONLY ORDER signed by Judge Rudolph T. Randa on 12/13/2013 APPROVING 60 . (cc: all counsel) (cb) (Entered: 12/16/2013) |
| 02/18/2015 | 71 | | TRANSCRIPT of Sentencing Hearing as to Michael T Green held on December 8, 2006, before Judge Rudolph T. Randa. Court Reporter/Transcriber Heidi J. Trapp, Contact at 414−297−3074. Transcripts may be purchased using the Transcript Order Form found on our website or viewed at the court public terminal. **NOTICE RE REDACTION OF TRANSCRIPTS:** If necessary, within 7 business days each party shall inform the Court of their intent to redact personal identifiers by filing a Notice of Intent to Redact. Please read the policy located on our website  www.wied.uscourts.gov Redaction Statement due 3/16/2015. Redacted Transcript Deadline set for 3/26/2015. Release of Transcript Restriction set for 5/22/2015. (Trapp, Heidi) |
| 02/18/2015 | 72 | | TRANSCRIPT of Rule 35(b) Re−Sentencing Hearing as to Michael T Green held on March 4, 2008, before Judge Rudolph T. Randa. Court Reporter/Transcriber Heidi J. Trapp, Contact at 414−297−3074. Transcripts may be purchased using the Transcript Order Form found on our website or viewed at the court public terminal. **NOTICE RE REDACTION OF** |

| | | | |
|---|---|---|---|
| | | | **TRANSCRIPTS:** If necessary, within 7 business days each party shall inform the Court of their intent to redact personal identifiers by filing a Notice of Intent to Redact. Please read the policy located on our website www.wied.uscourts.gov Redaction Statement due 3/16/2015. Redacted Transcript Deadline set for 3/26/2015. Release of Transcript Restriction set for 5/22/2015. (Trapp, Heidi) |
| 09/19/2018 | | | Case as to Michael T Green Reassigned to Judge J P Stadtmueller. Judge Rudolph T Randa no longer assigned to the case. (amb) |
| 05/23/2022 | 79 | | ORDER re Report on Offender Under Supervision as to Michael T Green signed by Judge J P Stadtmueller on 5/23/2022 CONCURRING with Officer's Recommendation to remove any revocation proceedings in this case. (NOTICE: Parties allowed to view this document may do so by using their e−filing log−in and password.) (cc: all counsel) (jm) |
| 10/17/2022 | 80 | | ORDER re Report on Offender Under Supervision as to Michael T Green signed by Judge J P Stadtmueller on 10/17/2022 CONCURRING with Officer's Recommendation and ORDERING no action at this time. (NOTICE: Parties allowed to view this document may do so by using their e−filing log−in and password.) (cc: all counsel) (jm) |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

'06 APR 18 P12 :04

UNITED STATES OF AMERICA,

    Plaintiff,

v.

GERALD BROWN,
KENNETH L. JOHNSON and
MICHAEL T. GREEN,

    Defendants.

SOFRON B. NEDILSKY
CLERK
Case No. 06-CR **06 CR86**
[18 U.S.C. §§2113(a) & (d),
924(c)(1)(A)(ii), and 2]

## INDICTMENT

## COUNT ONE

### THE GRAND JURY CHARGES THAT:

On or about April 7, 2006, in Milwaukee County, in the State and Eastern District of Wisconsin,

### GERALD BROWN,
### KENNETH L. JOHNSON, and
### MICHAEL T. GREEN,

did take by force and violence, and by intimidation, from the presence of several tellers, approximately $15,477.00 belonging to and in the care, custody, control, management and possession of the Guaranty Bank, Greenfield, Wisconsin, a financial institution the deposits of which were then insured by the Federal Deposit Insurance Corporation, and in committing this offense, the defendants put in jeopardy the lives of the tellers by the use of a dangerous weapon, to wit: a firearm.

All in violation of Title 18, United States Code, Sections 2113(a) & (d), and 2.

1

## COUNT TWO

### THE GRAND JURY FURTHER CHARGES THAT:

On or about April 7, 2006, in Milwaukee County, in the State and Eastern District of Wisconsin,

### GERALD BROWN,
### KENNETH L. JOHNSON, and
### MICHAEL T. GREEN

knowingly used and brandished a firearm during and in relation to the crime of violence charged in

Count One of this indictment, and did knowingly possess the firearm in furtherance of that crime.

All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(ii), and 2.

A TRUE BILL:

_____
FOREPERSON
Date:_____ 4/18 - 0 6

STEVEN M. BISKUPIC
United States Attorney

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,          '06   JUL 14   A10 :43

Plaintiff, CLERK      CHELSKY

v.                                                  Case No. 06-CR-86

MICHAEL T. GREEN,

Defendant.

## PLEA AGREEMENT

1.    The United States of America, by its attorneys, Steven M. Biskupic, United States

Attorney for the Eastern District of Wisconsin, and Kelly B. Watzka, Assistant United States

Attorney, and the defendant, Michael T. Green, individually and by attorney Matt Ricci, pursuant

to Rule 11 of the Federal Rules of Criminal Procedure, enter into the following plea agreement:

### CHARGES

2.    The defendant has been charged in two counts of a two-count indictment which

alleges violations of Title 18, United States Code, Sections 924(c)(1)(A)(ii), 2113(a) & (d) and

2.

3.    The defendant has read and fully understands the charges contained in the

indictment and fully understands the nature and elements of the crimes with which he has been

charged and those charges and the terms and conditions of the plea agreement have been fully

explained to him by his attorney.

4.    The defendant voluntarily agrees to plead guilty to the following counts set forth

in full as follows:

## COUNT ONE

### THE GRAND JURY CHARGES THAT:

On or about April 7, 2006, in Milwaukee County, in the State and Eastern District of Wisconsin,

### GERALD BROWN,
### KENNETH L. JOHNSON, and
### MICHAEL T. GREEN,

did take by force and violence, and by intimidation, from the presence of several tellers, approximately $15,477.00 belonging to and in the care, custody, control, management and possession of the Guaranty Bank, Greenfield, Wisconsin, a financial institution the deposits of which were then insured by the Federal Deposit Insurance Corporation, and in committing this offense, the defendants put in jeopardy the lives of the tellers by the use of a dangerous weapon, to wit: a firearm.

All in violation of Title 18, United States Code, Sections 2113(a) & (d), and 2.

## COUNT TWO

### THE GRAND JURY FURTHER CHARGES THAT:

On or about April 7, 2006, in Milwaukee County, in the State and Eastern District of Wisconsin,

### GERALD BROWN,
### KENNETH L. JOHNSON, and
### MICHAEL T. GREEN

knowingly used and brandished a firearm during and in relation to the crime of violence charged in Count One of this indictment, and did knowingly possess the firearm in furtherance of that crime.

All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(ii), and 2.

5. The defendant acknowledges, understands, and agrees that he is, in fact, guilty of

the offenses described in paragraph 4. The parties acknowledge and understand that if this case

2

were to proceed to trial, the government would be able to prove the following facts beyond a

reasonable doubt. The defendant admits to these facts and that these facts establish his guilt

beyond a reasonable doubt:

On the evening of April 7, 2006, the Guaranty Bank located at 4661 S. 27th Street in Greenfield, Wisconsin was robbed. At the time, the deposits of the Guaranty Bank were insured by the Federal Deposit Insurance Corporation. Summarized, four individuals were involved in the bank robbery. Michael T. Green, who remained outside of the bank, served as the getaway car driver. Gerald Brown, Kenneth L. Johnson and an unindicted co-actor entered the bank and held it up at gunpoint. The robbers left the bank with approximately $15,477.00.

More specifically, at approximately 5:57 p.m. on April 7, 2006, the Greenfield Police Department received a 911 call from the Guaranty Bank located at 4661 S. 27th in Greenfield. Dispatchers could hear screaming on the line before the call was disconnected. The 911 call was followed by a hold-up alarm originating from the bank. While officers were en route to the bank, dispatch confirmed that the bank had been robbed, that the suspects were black males wearing masks and armed with handguns and that the suspects were last seen leaving the bank in a black Saturn with a yellow license plate containing the numbers "557."

As officers first approached the bank, a citizen witness flagged them down. The witness stated he observed three black males, ages 16 to 25 years old, walk towards the bank. As they approached the bank, they kept looking around suspiciously. He stated all three wore dark clothes, baggy jeans and one wore a coat with tan fur trim.

There were several bank employees present at the time of the robbery and each gave consistent versions of what transpired during the robbery. Summarized, the bank employees stated that shortly before close of business two masked, armed black males entered the bank and ordered everyone down to the ground and implied that the bank employees would be hurt if they didn't comply. One of the robbers jumped the bank counter and ordered two different tellers to fill a black bag with money. This robber (later identified as Gerald Brown) told two tellers to point out the dye packs and threatened to shoot them if he was given any dye packs. Bank employees stated that the counter jumper (Brown) wore black tennis shoes with velcro straps. The other robber (later identified as Kenneth Johnson) remained closer to the front door and aggressively pointed a silver handgun at a number of the tellers. Johnson encouraged Brown to hurry up by shouting, "let's go, let's go!" An unindicted co-actor, who was wearing a hooded coat with fur trim, entered the bank, inferred that he had a gun and threatened to shoot two bank employees. After Brown, Johnson and the unindicted co-

3

actor left the bank, a bank employee ran to the front door and observed a black Saturn with a yellow license plate bearing the numbers "577" driving westbound away from the bank.

Within minutes of the robbery, a Greenfield police officer, who was traveling with his K-9 partner, spotted a 1994 black Saturn with a yellow Illinois temporary license plate bearing number "557F710" traveling eastbound on I-43 North nearing the Plainfield Curve. The officer called for backup and followed the vehicle until other squads arrived to assist. He noticed that there were three suspects in the car - two in the front seats and one in the rear seat. He also noticed that the person in the rear seat was making furtive gestures and appeared as he was stuffing or hiding something in the backseat area.

The officer activated his lights and siren but the driver of the Saturn (later identified as Michael Green) exited the freeway and led officers on a high speed chase through a residential neighborhood. Specifically, the Saturn was traveling approximately 50 mph on streets where the posted speed limit was 25 mph. Additionally, the driver of the Saturn made a number of sudden sharp turns, drove over a bush and nearly struck a garage. The Saturn eventually came to stop and all three suspects got out of the car and ran. Following a foot chase, all three of the men who fled from the Saturn were apprehended by law enforcement. Green had to be tased more than once before he stopped attempting to flee. At the time of his arrest, Green had a large bundle of U.S. currency in his front pants pocket. As Green was being placed in the squad car, he asked, "Will the tapes show who robbed the bank?"

Green was advised of his *Miranda* rights and provided a verbal and written statement in which he admitted his involvement in the robbery because he was "thirsty for money." Green stated, in relevant part, that Johnson, who he knows as "Kojak," Brown and a third unknown individual went into the bank to commit the robbery while he remained in the car outside the bank. Green was aware that his co-actors brought guns into the bank with them. Green stated that, following the robbery, the unknown robber got away. Green initially claimed that another participant drove the getaway car but he acknowledged that he fled from the vehicle on foot.

Johnson was advised of his *Miranda* rights and agreed to participate in an interview. Johnson provided verbal and written statements in which he admitted that he participated in the bank robbery. Johnson stated, in relevant part, that he met his accomplices in the streets of Chicago approximately two to three weeks before the bank robbery. Johnson stated he knew two of his co-actors, Gerald Brown and Michael Green, as "Dre" and "Easy," respectively. Johnson stated that they discussed robbing a bank in the Milwaukee area because too many banks had been robbed in Chicago. Johnson stated that the black Saturn used in the robbery is a "community car" and that he obtained the bandana he wore in the robbery from the trunk of that car.

4

"Easy" (Green) stayed outside the bank as the getaway driver while Johnson and "Dre" (Brown) went inside the bank. "Dre" (Brown) jumped over the counter and demanded money from the tellers while Johnson remained closer to the door and watched for police. Following the robbery, "Easy" (Green) drove the getaway car, "Dre" (Brown) jumped into the back seat and Johnson rode in the front passenger seat. They divided up the money as they were fleeing from the bank. Johnson admitted that he had his share of the money on his person when he got arrested. Johnson did not disclose to law enforcement that a fourth person involved in the bank robbery had gotten away.

The black Saturn was photographed in the condition in which it was left by the robbers. The driver's side door, front passenger side door and rear driver's side door were left open. Two latex gloves were discarded on the ground outside the front passenger's side door (where Johnson had been seated). A silver semiautomatic handgun was recovered from the front passenger side floorboard (where Johnson had been seated). Another gun had been discarded on the ground outside of the rear passenger seat on the driver's side of vehicle (where Brown had been seated). Officers also found a tire iron and a black garbage bag containing five bundles of U.S. currency with a Guaranty Bank band around each bundle (one of these bundles contained bait money). Additionally, officers recovered a number of distinct items of clothing and bandanas which had been worn during the robbery.

Bank surveillance tapes clearly depict Johnson and Brown wearing distinctive items of clothing that they were still wearing at the time of their arrest. The tapes depict Brown and Johnson, wearing bandanas partially over their faces, enter the bank at 5:55:02 p.m. Shortly thereafter, a third individual wearing a hooded coat with fur trim is seen entering the bank holding what appears to be a tire iron. The tapes depict Brown jumping over the counter and standing amongst several tellers - some of whom are laying on the ground. The tapes depict Johnson holding a silver semi-automatic handgun in his right hand and pointing it in the direction of several tellers throughout the robbery. Finally, the surveillance tape depicts Brown, Johnson and a third individual wearing a hooded coat with fur trim leave the bank at approximately 5:56:11 p.m. and get into the passenger side of a dark colored 4-door vehicle that immediately speeds away from the bank.

This information is provided for the purpose of setting forth a factual basis for the plea of

guilty. It is not a full recitation of the defendant's knowledge of or participation in these offenses.

5

## PENALTIES

6.      The parties understand and agree that the offenses to which the defendant will

enter a plea of guilty carry the following minimum and maximum terms of imprisonment, fines,

and terms of supervised release:

> **COUNT ONE**- a maximum of 25 years' imprisonment, $250,000 fine, and 5
> years' supervised release. The count also carries a mandatory special assessment
> of $100.00; and
>
> **COUNT TWO** - a mandatory minimum of 7 years and a maximum of life
> imprisonment, $250,000 fine, and 5 years supervised release. The count also
> carries a mandatory special assessment of $100.00. Any sentence imposed on
> **COUNT TWO** must run consecutively to any sentence imposed on **COUNT
> ONE**.

7.      The defendant acknowledges, understands, and agrees that he has discussed the

relevant statutes as well as the applicable sentencing guidelines with his attorney.

## ELEMENTS

8.      The parties understand and agree that in order to sustain the charge of armed bank

robbery as set forth in count one, the government must prove each of the following propositions

beyond a reasonable doubt:

> First, the defendant took from the person or presence of another money belonging to or in
> the care, custody, control, management or possession of Guaranty Bank;
>
> Second, at the time, the deposits of Guaranty Bank were insured by the Federal Deposit
> Insurance Corporation; and
>
> Third, the defendant acted to take such money by force and violence, or by intimidation;
> and
>
> Fourth, the defendant put in jeopardy the life of the teller by the use of a dangerous
> weapon.

6

9. The parties understand and agree that in order to sustain the charge of use of a firearm during and in relation to, and in furtherance of, a crime of violence, as set forth in count two, the government must prove each of the following propositions beyond a reasonable doubt:

> <u>First</u>, that the defendant committed the violent crime charged in count one of the indictment; and
>
> <u>Second</u>, that the defendant knowingly used and brandished a firearm during and in relation to that crime or knowingly possessed a firearm in furtherance of that crime.

10. Each count of the indictment also charges a violation of Title 18, United States Code, § 2. The parties understand and agree that in order to sustain the charge of aiding and abetting the substantive offenses alleged in counts one and two of the indictment, the government may establish the defendant's guilt by proving that he knowingly associated with the criminal activity, participated in the activity and tried to make it succeed.

**<u>SENTENCING PROVISIONS</u>**

11. The parties agree to waive the time limits in Fed. R. Crim. P. 32 relating to the presentence report, including that the presentence report be disclosed not less than 35 days before the sentencing hearing, in favor of a schedule for disclosure, and the filing of any objections, to be established by the court at the change of plea hearing.

12. The parties acknowledge, understand, and agree that any sentence imposed by the court will be pursuant to the Sentencing Reform Act, and that the court will give due regard to the Sentencing Guidelines when sentencing the defendant.

13. The parties acknowledge and agree that they have discussed all of the sentencing

guidelines provisions which they believe to be applicable to the offenses set forth in paragraph 4. The defendant acknowledges and agrees that his attorney in turn has discussed the applicable sentencing guidelines provisions with him to the defendant's satisfaction.

14. The parties acknowledge and understand that prior to sentencing the United States Probation Office will conduct its own investigation of the defendant's criminal history. The parties further acknowledge and understand that, at the time the defendant enters a guilty plea, the parties may not have full and complete information regarding the defendant's criminal history. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentencing court's determination of defendant's criminal history.

**Sentencing Guidelines Calculations**

15. The parties acknowledge, understand, and agree that the sentencing guidelines calculations included in this agreement represent the positions of the parties on the appropriate sentence range under the sentencing guidelines. The defendant acknowledges and understands that the sentencing guidelines recommendations contained in this agreement do not create any right to be sentenced within any particular sentence range, and that the court may impose a reasonable sentence above or below the guideline range. The parties further understand and agree that if the defendant has provided false, incomplete, or inaccurate information that affects the calculations, the government is not bound to make the recommendations contained in this agreement.

**Relevant Conduct**

16. The parties acknowledge, understand, and agree that pursuant to Sentencing

8

Guidelines Manual § 1B1.3, the sentencing judge may consider relevant conduct in calculating the sentencing guidelines range, even if the relevant conduct is not the subject of the offenses to which defendant is pleading guilty.

## Base Offense Level

17. The parties agree to recommend to the sentencing court that the applicable base offense level for the offense charged in count one is 20 under Sentencing Guidelines Manual §2B3.1(a).

## Specific Offense Characteristics

18. The parties agree to recommend to the sentencing court that a two-level increase for taking property belonging to a financial institution under Sentencing Guidelines Manual § 2B3.1(b)(1) is applicable to the offense level for the offense charged in count one.

19. The parties agree to recommend to the sentencing court that a one-level increase for more than $10,000 in loss under Sentencing Guidelines Manual §2B3.1(7)(B) is applicable to the offense level for the offense charged in count one.

20. The parties agree to recommend to the sentencing court that a two-level increase for reckless endangerment during flight under Sentencing Guidelines Manual §3C1.2 is applicable to the offense level for the offense charged in count one.

## Weapons

21. The parties agree to recommend to the sentencing court that the 6-level firearm enhancement pursuant to United States Sentencing Guidelines Manual §2B3.1(b)(2)(B) does not apply to the defendant because the defendant is pleading guilty to a violation of Title 18, United States Code, § 924(c).

9

## Acceptance of Responsibility

22.     The government agrees to recommend a two-level decrease for acceptance of

responsibility as authorized by Sentencing Guidelines Manual § 3E1.1(a), but only if the

defendant exhibits conduct consistent with the acceptance of responsibility. In addition, if the

court determines at the time of sentencing that the defendant is entitled to the two-level reduction

under § 3E1.1(a), the government agrees to make a motion recommending an additional one-

level decrease as authorized by Sentencing Guidelines Manual § 3E1.1(b) because the defendant

timely notified authorities of his intention to enter a plea of guilty.

## Sentencing Recommendations

23.     Both parties reserve the right to apprise the district court and the probation office

of any and all information which might be pertinent to the sentencing process, including but not

limited to any and all conduct related to the offense as well as any and all matters which might

constitute aggravating or mitigating sentencing factors.

24.     Both parties reserve the right to make any recommendation regarding any other

matters not specifically addressed by this agreement.

25.     The government agrees to recommend a sentence within the applicable sentencing

guideline range, as determined by the court.

## Court's Determinations at Sentencing

26.     The parties acknowledge, understand, and agree that neither the sentencing court

nor the United States Probation Office is a party to or bound by this agreement. The United

States Probation Office will make its own recommendations to the sentencing court. The

sentencing court will make its own determinations regarding any and all issues relating to the

10

imposition of sentence and may impose any sentence authorized by law up to the maximum penalties set forth in paragraph 6 above. The parties further understand that the sentencing court will be guided by the sentencing guidelines but will not be bound by the sentencing guidelines and may impose a reasonable sentence above or below the calculated guideline range.

27. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentence imposed by the court.

## FINANCIAL MATTERS

28. The defendant acknowledges and understands that any and all financial obligations imposed by the sentencing court are due and payable upon entry of the judgment of conviction. The defendant agrees not to request any delay or stay in payment of any and all financial obligations.

### Special Assessment

29. The defendant agrees to pay the special assessment in the amount of $200.00 prior to or at the time of sentencing.

## DEFENDANT'S COOPERATION

30. The defendant, by entering into this agreement, further agrees to fully and completely cooperate with the government in its investigation of this and related matters, and to testify truthfully and completely before the grand jury and at any subsequent trials or proceedings, if asked to do so. The government agrees to advise the sentencing judge of the nature and extent of the defendant's cooperation. The parties acknowledge, understand and agree that if the defendant provides substantial assistance to the government in the investigation or prosecution of others, the government, in its discretion, may recommend a downward

11

departure from: (a) the applicable sentencing guideline range; (b) any applicable statutory

mandatory minimum; or (c) both. The defendant acknowledges and understands that the court

will make its own determination regarding the appropriateness and extent to which such

cooperation should affect the sentence.

## DEFENDANT'S WAIVER OF RIGHTS

31. In entering this agreement, the defendant acknowledges and understands that in so

doing he surrenders any claims he may have raised in any pretrial motion as well as certain rights

which include the following:

> a. If the defendant persisted in a plea of not guilty to the charges against him, he would be entitled to a speedy and public trial by a court or jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

> b. If the trial is a jury trial, the jury would be composed of twelve citizens selected at random. The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of guilty. The court would instruct the jury that the defendant is presumed innocent until such time, if ever, as the government establishes guilt by competent evidence to the satisfaction of the jury beyond a reasonable doubt.

> c. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

> d. At such trial, whether by a judge or a jury, the government would be required to present witnesses and other evidence against the defendant. The defendant would be able to confront witnesses upon whose testimony the government is relying to obtain a conviction and he would have the right to cross-examine those witnesses. In turn the defendant could, but is

12

> not obligated to, present witnesses and other evidence on his own behalf. The defendant would be entitled to compulsory process to call witnesses.

    e.    At such trial, defendant would have a privilege against self-incrimination so that he could decline to testify and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify on his own behalf.

32.    The defendant acknowledges and understands that by pleading guilty he is waiving all the rights set forth above. The defendant further acknowledges the fact that his attorney has explained these rights to him and the consequences of his waiver of these rights. The defendant further acknowledges that as a part of the guilty plea hearing, the court may question the defendant under oath, on the record, and in the presence of counsel about the offense to which the defendant intends to plead guilty. The defendant further understands that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement.

33.    The defendant acknowledges and understands that he will be adjudicated guilty of each offense to which he will plead guilty and thereby may be deprived of certain rights, including but not limited to the right to vote, to hold public office, to serve on a jury, to possess firearms, and to be employed by a federally insured financial institution.

34.    The defendant knowingly and voluntarily waives all claims he may have based upon the statute of limitations, the Speedy Trial Act, and the speedy trial provisions of the Sixth Amendment. The defendant agrees that any delay between the filing of this agreement and the entry of the defendant's guilty plea pursuant to this agreement constitutes excludable time under the Speedy Trial Act.

13

## **Further Civil or Administrative Action**

35.     The defendant acknowledges, understands, and agrees that the defendant has

discussed with his attorney and understands that nothing contained in this agreement is meant to

limit the rights and authority of the United States of America or any other state or local

government to take further civil, administrative, or regulatory action against the defendant,

including but not limited to any listing and debarment proceedings to restrict rights and

opportunities of the defendant to contract with or receive assistance, loans, and benefits from

United States government agencies.

## **GENERAL MATTERS**

36.     The parties acknowledge, understand, and agree that this agreement does not

require the government to take, or not to take, any particular position in any post-conviction

motion or appeal.

37.     The parties acknowledge, understand, and agree that this plea agreement will be

filed and become part of the public record in this case.

38.     The parties acknowledge, understand, and agree that the United States Attorney's

office is free to notify any local, state, or federal agency of the defendant's conviction.

39.     The defendant understands that pursuant to the Victim and Witness Protection Act

and the regulations promulgated under the Act by the Attorney General of the United States, the

victim of a crime may make a statement describing the impact of the offense on the victim and

further may make a recommendation regarding the sentence to be imposed. The defendant

acknowledges and understands that comments and recommendations by a victim may be

different from those of the parties to this agreement.

14

## **EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT**

40.     The defendant acknowledges and understands if he violates any term of this
agreement at any time, engages in any further criminal activity prior to sentencing, or fails to
appear for sentencing, this agreement shall become null and void at the discretion of the
government. The defendant further acknowledges and understands that the government's
agreement to dismiss any charge is conditional upon final resolution of this matter. If this plea
agreement is revoked or if the defendant's conviction ultimately is overturned, then the
government retains the right to reinstate any and all dismissed charges and to file any and all
charges which were not filed because of this agreement. The defendant hereby knowingly and
voluntarily waives any defense based on the applicable statute of limitations for any charges filed
against the defendant as a result of his breach of this agreement. The defendant understands,
however, that the government may elect to proceed with the guilty plea and sentencing. If the
defendant and his attorney have signed a proffer letter in connection with this case, then the
defendant further acknowledges and understands that he continues to be subject to the terms of
the proffer letter.

## **VOLUNTARINESS OF DEFENDANT'S PLEA**

41.     The defendant acknowledges, understands, and agrees that he will plead guilty
freely and voluntarily because he is in fact guilty. The defendant further acknowledges and
agrees that no threats, promises, representations, or other inducements have been made, nor
agreements reached, other than those set forth in this agreement, to induce the defendant to plead
guilty.

15

## **ACKNOWLEDGMENTS**

I am the defendant. I am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed every part of this agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney and I am satisfied that my attorney has provided effective assistance of counsel.

Date: 7/H/06

MICHAEL T. GREEN
Defendant

I am the defendant's attorney. I carefully have reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Date: 7/14/06

MATT RICCI
Attorney for Defendant

For the United States of America:

Date: 7/14/06

STEVEN M. BISKUPIC
United States Attorney

Date: 7/14/06

KELLY B. WATZKA
Assistant United States Attorney

16

AO 245C (Rev. 06/05) Amended Judgment in a Criminal Case
Sheet 1
Case: 1:22-cr-00539 Document #: 2 Filed: 10/20/22 Page 24 of 29 PageID #:25
(Note: Identify Changes with Asterisks(*))

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF WISCONSIN

| UNITED STATES OF AMERICA | AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | Case Number: **06-Cr-86** |
| **MICHAEL THOMAS GREEN** | USM Number: **08281-089** |

U.S. DIST. COURT

MAR 4 2008

AT
JON W. SANFILIPPO, CLERK

Date of Original Judgment: **December 8, 2006**
(Or Date of Last Amended Judgment)

**Matt J. Ricci**
Defendant's Attorney
**Kelly Brown Watzka**
Assistant United States Attorney

## Reason for Amendment:

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))

☒ Reduction of Sentence for Changed Circumstances (Fed.R.Crim.P.35(b))

☐ Correction of Sentence by Sentencing Court (Fed.R.Crim.P.35(c))

☐ Correction of Sentence for Clerical Mistake (Fed.R.Crim.P.36)

☐ Modification of Supervision Conditions (18 U.S.C. § 3563(e) or 3583(e))

☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))

☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C § 3582(c)(2))

☐ Direct Motion to District Court Pursuant to ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)

☐ Modification of Restitution Order(18 U.S.C. § 3664)

## THE DEFENDANT:

☒ pleaded guilty to count(s) **One (1) and Two (2) of the Indictment**

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 2113(a) and (d) and 2 | Armed Bank Robbery | April 7, 2006 | 1 |
| 21 U.S.C. §§ 924(c)(1)(A)(ii) and 2 | Brandishing a Firearm in a Crime of Violence | April 7, 2006 | 2 |

The defendant is sentenced as provided in Pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and the United States attorney of any material change in the defendant's economic circumstances.

**March 4, 2008**
Date of Imposition of Judgment

Signature of Judicial Officer

**Hon. Rudolph T. Randa, Chief Judge**
Name & Title of Judicial Officer

3/4/08

AO 245C (Rev. 06/05) Amended Judgment in a Criminal Case:
   Sheet 2 - Imprisonment                                                              (Note: Identify Changes with Asterisks(*))

Defendant: **Michael Thomas Green**
Case Number: **06-Cr-86**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **18\* months as to Count One (1) and 84 months as to Count Two (2). Terms to run consecutively for a total term of 102\* months imprisonment.**

**Defendant shall be given credit for time served as determined/calculated by the United States Bureau of Prisons.**

☒ **The court makes the following recommendations to the Bureau of Prisons:**

**Defendant participate in the 500-hour Intensive Drug Treatment Program;
Defendant be placed at a facility as close to his home (Chicago, IL) as possible.**

☒ **The defendant is remanded to the custody of the United States Marshal.**

☐ The defendant shall surrender to the United States Marshal for this district.

    ☐   at _____   ☐ a.m.   ☐ p.m. on _____ .

    ☐   as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons,

    ☐   before 2 p.m. on _____ _____

    ☐   as notified by the United States Marshal.

    ☐   as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____   to _____

at _____ with a certified copy of this judgment.

                                                UNITED STATES MARSHAL

                                 By                
                                          DEPUTY UNITED STATES MARSHAL

AO 245C (Rev 06/05) Amended Judgment in a Criminal Case:
Sheet 3 - Supervised Release                                                      (Note: Identify Changes with Asterisks(*))

Defendant: **Michael Thomas Green**
Case Number: **06-Cr-86**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **five (5) years as to each of Counts One (1) and Two (2). Terms to run concurrently for a total term of Five (5) years Supervised Release.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and two drug tests thereafter within one year.

- ☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

- ☒ **The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)**

- ☒ **The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)**

- ☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notification and to confirm the defendant's compliance with such notification requirement.

AO 245C (Rev. 06/05) Amended Judgment in a Criminal Case:
Sheet 3A - Supervised Release                                                                    (Note: Identify Changes with Asterisks(*))

Defendant: **Michael Thomas Green**
Case Number: **06-Cr-86**

## ADDITIONAL SUPERVISED RELEASE TERMS

1. The defendant shall not associate with any member, prospect or associate member of the Gangster Disciples or any other gang. The defendant shall have no communication whatsoever with the Gangster Disciples gang or any other gang.

2. The defendant is to participate in a program of testing to include not more than six urinalysis tests per month and residential or outpatient treatment for drug and alcohol abuse, as approved by the supervising probation officer, until such time as he is released from such program by the supervising probation officer. The defendant shall pay the cost of this program under the guidance and supervision of the supervising probation officer. The defendant is to refrain from use of all alcoholic beverages throughout the supervised release term.

3. The defendant is to pay any balance of the Fine at a rate of not less than $50.00 per month. The defendant will also apply 100 percent of his yearly federal and state tax refunds toward payment of the Fine. The defendant shall not change exemptions without prior notice to the supervising probation officer.

4. The defendant shall not open new lines of credit, which includes the leasing of any vehicle or other property, or use existing credit resources without the prior approval of the supervising probation officer. After the defendant's Court ordered financial obligations have been satisfied in full

5. The defendant is to provide access to all financial information requested by the supervising probation officer including, but not limited to, copies of all federal and state income tax returns. All tax returns shall be filed in a timely manner. The defendant shall also submit monthly financial reports to the supervising probation officer.

6. The defendant is to cooperate with the Child Support Enforcement Unit in payment of any child support or arrearages and to make regular payments under the guidance and supervision of his supervising probation officer.

AO 245C (Rev 06/05) Amended Judgment in a Criminal Case:
  Sheet 5 – Criminal Monetary Penalties                                    (Note: Identify Changes with Asterisks(*))

Defendant: **Michael Thomas Green**
Case Number: **06-Cr-86**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **Totals:** | $200.00 | $1,000.00 | $ |

☐ The determination of restitution is deferred until  _____  An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| **Totals:** | $ | $ | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ **The court determined that the defendant does not have the ability to pay interest, and it is ordered that:**

  ☒ **the interest requirement is waived for the** ☒ **fine**      ☐ restitution.

  ☐ the interest requirement for the        ☐ fine        ☐ restitution is modified as follows:

\*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C (Rev 06/05) Amended Judgment in a Criminal Case:
Sheet 6 - Schedule of Payments                                                (Note: Identify Changes with Asterisks(*))

Defendant: **Michael Thomas Green**
Case Number: **06-Cr-86**

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A** ☐   Lump sum payment of $ _____ due immediately, balance due

     ☐  not later than _____ _____, or

     ☐  in accordance with ☐ C, ☐ D, ☐ E or ☐ F below; or

**B** ☒   **Payment to begin immediately** (may be combined with ☐ C, ☐ D, or ☒ **F below**); or

**C** ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of ___ _____(e.g., months or years), to commence _____(e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____(e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐   Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒   **Special instructions regarding the payment of criminal monetary penalties:**

     **Defendant shall participate in the Federal Bureau of Prisons Inmate Financial Responsibility Program not to exceed 50% of his earnings. Payments shall apply first to the Special Assessment and thereafter to the Fine until paid in full.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

     Defendant and Co-Defendant Names, Case Numbers (including defendant number), Joint and Several Amount, and corresponding payee, if appropriate:

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☐   The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.